UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL RIGHTS DIVISION

FILED BY

00 JAN 12 PM 4 31

CLERK U.S. DIST CT.
S.D. OF FLA.-FTL

Case No. **00-06054**

**CIV-MIDDLEBROOKS**

MAGISTRATE JUDGE
SORRENTINO

X

RICHARD GREGORY GARCIA, PRO SE
AKA
RICHARD GREGORY DeGUZMAN
(plaintiff)

VS.

KEN JENNE, WILLIAM HITCHCOCK,
DONNA STONE, Chaplin Braswell,
Lt. O.J. Mihm, Sgt. Slagle, Trinity
Food Service.
(defendant(s))

X

## COMPLAINT

I, Richard Gregory Garcia plaintiff, in the above styled cause, sues defendant(s); Jenne, Hitchcock, Stone, Braswell, Mihm, Slagle and Trinity food Service.

This action is filed under:

42 U.S.C. § 1983

(1)

(Statement of facts)

1) On or about 2-14-99, the plaintiff made the first of many requests to the Chaplin's Office regarding Catholic Mass and the services of a Catholic Priest.

   The plaintiff was told that he should, "ask the deputy in your area when services are." and, "Tell him you want to attend."

   After further inquiries the plaintiff was informed that there are no such catholic services at the Broward Sheriff's Office (B.S.O.).

2) On or about 2-21-99, it has come to the plaintiff's attention that the B.S.O. has services for and caters to religions such as: Baptist, Protestant, Jewish, Muslim, Jehovah Witness, and Seventh Day Adventist. There are no provisions made for those of the catholic faith.

3) The plaintiff was misled into believing that there were services for catholics by, defendant Braswell. As a result the plaintiff was denied his religious freedom.

4) The plaintiff was also denied his religious freedom when, on or about 2-18-19, the plaintiff made a request to defendants Braswell and

(2)

Trinity Food Service to be provided (according to plaintiff's religion) with a vegetarian diet for the Fridays of the season of Lent as well as Good Friday went unanswered and or totally disregarded.

5) The plaintiff has made it clear to defendant Braswell's office that he has been in Florida for only a short period of time and did not have time to enter a congregation and does'int have the resources to have his own clergyman provide spiritual support, as Braswell suggests.

6) On or about 3-11-99, the plaintiff requested to know why B.S.O. "catered to every major denomination other than catholic."

The only reply the plaintiff received was a statement from defendant's Braswell's office stating that, "we are sorry that there are not catholic services at D.D.CC, and again asked the plaintiff to provide the "name of your clergy, church address and telephone number and we will get you a visit." (see facts #1 and 3)

7) A large number of the plaintiff's requests to the Chaplin's Office have either went

(3)

unanswered, misleading and or totally disregarded by defendant Braswell's office, which only shows a complete indifference to the plaintiff's firm religious belief's.

8)  After many requests to have catholic services provided for the catholic population at B.S.O. failed, the plaintiff filed both formal and informal grievances concerning this matter.
   On or about 5-16-99, the plaintiff was told by defendant Mihm that services are scheduled for "Tuesday nights". But, "we can not make them show up." the plaintiff has yet to see any such religious services.

9)  On or about 5-17-99, the plaintiff filed a grievance concerning the fact that religious volunteers, (other than catholic) visit D.O.C.C. two to three times weekly and hold their services in the dormitory areas only subjects the plaintiff to religions and beliefs that are outside of his own.
   The resolution for this grievance made by defendants Stone and Mihm was that if I had a problem with said services I was to notify my housing deputy and he will have me taken to the "holding cell" for the duration

(4)

of these services.

This is more of a punishment than a resolution.

10) The plaintiff was further denied his religious freedom when defendant Braswell, failed to provide the plaintiff with the requested religious icons, i.e. rosary beads and scapular, in which the plaintiff uses strictly for prayer purposes.

11) By not providing reasonable and adequate spacing for group activities such as: being afforded reasonable opportunity and spacing in which to practice religious beliefs, defendants Jenne, Hitchcock, Stone, Mihm and Braswell have denied the plaintiff his religious freedom.

12) By failing to use local community resources to make catholic services available at B.S.O. the defendants Jenne, Stone, Hitchcock, Mihm and Braswell again denied the plaintiff's religious freedom.

13) On many occasions the plaintiff requested grievance forms from defendant Slagle and was denied. The reason being that, "We at B.S.O.

(5)

are in no way obligated to cater to everyone requesting religious services outside of those provided at B.S.O.

As a result the plaintiff has been subjected to tenets outside of his own.

14) The plaintiff has been incarcerated at B.S.O. since 2-5-99 and has only seen a catholic priest on three separate occasions.

Defendant Braswell has failed to provide spiritual and religious support to the plaintiff on a reasonable and regular basis.

15) Defendant Trinity Food Service has caused the plaintiff to be damaged by not serving an adequate and appetizing diet.

The food served does not meet the recommeded dietary allowances and is not nutritional.

16) Defendant Trinity Food Service does not adhere to the proper sanitary measures while preparing food

On or about 3-18-99 the Plaintiff found two dead roaches in his dinner tray.

Defendant Slagle again denied the plaintiff of his right to file a grievance concerning

this matter. The plaintiff was also denied a new tray.

17) By not adhering to the proper food preparation and serving procedures, Defendant Trinity Food Service is not consistant with common sanitary measures.

Trustees as well as the deputies handling the serving of food do not wear the proper outer garments and a high degree of personal hygiene is not maintained.

18) The Broward Sheriff's Office has denied the plaintiff reasonable and meaningfull access to the courts by not allowing adequate or ample time in the law library (one hour per week) limiting the number of allowed legal copies to ten per inmate and a lack of adequate legal books need for various research.

There is also a lack of trained law clerks to assist the individual inmate with the writing of writs and other various motions. RG

There is also nobody trained to offer basic assistance for legal research, and there are no outside agencies that provide these services.

19) There seems to be an ongoing pattern

(7)

of obstruction hindering the plaintiff as well as other inmates with their legal research.

When the plaintiff, on or about 5-23-99 requested a grievance form concerning these matters, he was told by defendant Stagle, "We are not obligated to provide these services." The grievance form was subsequently denied, resulting in denial of due process.

20) On or about 2-5-99 the plaintiff was admitted ~~the~~ to the Broward Sheriff's Office and has since been subjected to physically repulsive and degrading health hazards such as:

Being forced to sleep on the floor with unsanitized mattresses that are infested with roaches and ants, being forced to live, eat and sleep in areas infested with roaches, ants and or other vermin and being forced to live in extremely overcrowded housing areas.

This creates a serious health hazard for both staff and inmate alike.

21) The housing areas at the B.S.O.'s Division of Community Corrections are not kept free of offensive odors.

There is no type of ventilation system

(8)

in the bathrooms, and the existing ventilation systems in the housing areas are at best poorly maintained; it is either too hot or too cold in the housing areas which creates another serious health ~~this~~ (PG) hazard for both staff and inmate alike.

22) On or about 7-7-99, ~~#(PG)~~ the plaintiff was transferred from D.O.C.C. to the ~~RC~~ Main Jail Bureau for disiplinary reasons.

   Then on or about 7-10-99, the plaintiff subsequently given six days "lock down"; with three days credit for time already served and <u>should have</u> been released from "lock down" on or about 7-13-99.

   For no apparent reason the plaintiff was kept in "lock down" for approximately 48 hours over the six day period. Resulting in cruel and unusual punishment.

23)  Commissary prices exceed fair market value. All items in the inmate commissary are extremely over priced

   Items that are not marked or priced for individual resale <u>are</u> sold individually at outragiously high prices.

(9)

24) The plaintiff has requested on many occaisions via defendant Slagle for ~~to~~ reasonable ways to resolve these matters and has been hindered, prevented and or totally disregarded by Slagle.

25) When allowed the plaintiff has tried to resolve these Allegations through the proper chain of command and other internal remedies.

Most of the grievances filed, (both formal and informal) by the ~~d~~ plaintiff have either went unresolved, unanswered, disregarded and or completely ignored by the defendants.

The plaintiff has exusted all Known in-house remedies.

26) By not adhering to any ~~st~~ set minimum standards the defendants named have a complete neglegence to the well being of the of the inmate population at the Broward Sheriff's Office.

27) All the defendants named have shown a a total indifference and or a complete insensitity to the basic human rights and needs for the plaintiff, which is guaranteed by the United States Constitution.

(10)

Wherefore, the plaintiff respectfully requests judgment to be awarded to the plaintiff in the amount of $5,000,000. to be paid by each defendant, in the total amount of $35,000,000. Plus the costs of any and all disbursments of this action.

Signed this 22nd day of November, 1999

x *Richard Gregory Garcia*

Richard GREGORY GARCIA #D92567
CENTURY Correctional INSTUTITION
400 TEDDER Road
CENTURY, Florida 32535

I, Richard Gregory GARCIA declare under penalties of perjury pursuant to Florida Statutes 92.525, That I have read the foregoing 42 USC § 1983 motion, and that all the facts and matters in it are true and correct on this 22nd day of November 1999

x *Richard Gregory Garcia*

(11)

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing 42 USC §1983 motion has been furnished to the United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Room 108, Fort Lauderdale, Florida 33301, VIA United States Postal Service.

X _Richard Gregory Garcia_
Richard Gregory Garcia

(12)

# CIVIL COVER SHEET

00 - 06054

CIV-MIDDLEBROOKS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Richard Gregory Garcia, Pro se
AKA Richard Adrian Guzman

FILED BY _____ D.C.
00 JAN 12 PM 1:31
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

DEFENDANTS

... HANCOCK,
DONNA STONE, CHAPUN BRASWELL, LT. O.T. HIMM,
Sgt. Slagle, Trinity Food Service

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

RICHARD GREGORY GARCIA, DV990142
MAIN JAIL BUREAU, PO BOX 9356, Ft. Laud. Fl. 33310

ATTORNEYS (IF KNOWN)

N/A

MAGISTRATE JUDGE
SORRENTINO

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  (BROWARD)  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| BC☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | BC☒ 550 Civil Rights | | | A OR B |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 1983

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION  ☐ UNDER F.R.C.P. 23

DEMAND $  35,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions):

JUDGE  N/A

DOCKET NUMBER  N/A

DATE  8-30-99

SIGNATURE OF ATTORNEY OF RECORD
Richard Gregory Garcia, PRO SE

**FOR OFFICE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____