UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6054-Civ-HUCK

RICHARD G. GARCIA,
   Plaintiff,
v.
KEN JENNE, et al.,
   Defendants.

MOTION OF OBJECTION TO THE MAGISTRATE JUDGE'S REPORT

The plaintiff Richard G. Garcia, pro se, moves this honorable Court to grant his Motion of Objection to the Magistrate Judge's Report, which is dated, September 8, 2000.

The reason(s) in support of this motion are stated as follows:

1) The basis of the Magistrate's report is that, the plaintiff failed to "state a claim upon which relief may be granted".

2) The court must hold the allegations of a pro se complaint to a less stringent standard than the formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 419 (1972). Such a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff

which would entitle him to relief. Haines v. Kerner, supra; Conley v. Gibson, 355 U.S. 14 (1957); Cannon v. Macon County, 1 F.3d 1558, 1565 (11 Cir. 1993).

3) The plaintiff believes that, he can prove "beyond a doubt" that the defendant(s) violated the plaintiff's Constitutional rights and or the laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985)

4) The plaintiff will also prove that the allegations in his §1983 claim are not conclusory allegations, and that the defendant(s) knowingly violated his rights set forth in the U.S. Constitution as well as the Minimum Standards, which is set forth in the Flordia Model Jail Standards.

5) The defendants violated the Free Exercise Clause of the First Amendment, see Turner v. Safley, 482 U.S. 78, 89 (1987) O'Lone v. Shabazz, 482 US 342, 349 (1987)

6) The Constitution guarantees the plaintiff's right to freedom of religion. It would be a travesty for the defendant(s) to discriminate against the plaintiff, which in this case they clearly have done.

7) The fact that the defendant(s) catered to every other major denomination other than Catholic shows that the plaintiff was discriminated against, which rises to a constitutional level.

8) The plaintiff only asked the defendant(s) to provide reasonable practice of his religion by being provided and allowed to attend weekly mass services. The defendant(s) solution was to arrange for a Catholic Priest to visit him.
    The priest was not allow to enter the facility(s) with the sacraments required by the plaintiff.

9) The Magistate Judge's report states that the facts alleged by the plaintiff "did not indicate that the defendant(s)" discriminated by refusing to provide a "reasonable opportunity for its exercise comparable to the opportunities afforded inmates of other faiths"
    This will be proven by the plaintiff in trial and, will be subsequently alleged in an <u>Amended Claim</u>.

10) The plaintiff requested to be issued "religious icons" ie. (rosary bead and scapular) by Defendant Braswell was denied.
    This Alone constitutes discrimination on the defendant's part. Campos v. Coughlin 854 F.Supp 194

11) The prohibition of religious icons constitutes a violation of the plaintiff's Constitutional Rights. <u>Campos v. Coughlin</u> et. Al. 854 F.supp. 194.

12) Not only weren't the visiting clergy who attended the plaintiff not allowed to bring any sacraments they, were not allowed to bring rosary beads, scapulars and any literature pertaining to the plaintiff's faith.

13) Concerning the issue of Nutrition and Sanitation the plaintiff can prove that the defendant(s) did indeed violate and failed to "meet certain minimum standards." Which the plaintiff will allege in his subsequent <u>Amended Claim.</u>

14) By not adhering to nutritional and sanitational standards the defendant(s) inflicted cruel and unusual punishment upon the plaintiff, and subjected him to repulsive living conditions.

15) The defendant(s) did not act under color of state law and inflicted unnecessary pain and suffering, showed a deliberate on the part of the plaintiff.

16) In the initial instructions for filing a claim

law."

Concidering the fact that the plaintiff is a layman in the law he did the best he could do with his limited experience with the law to raise the Constitutional issue with his claim.

17) The conditions that the plaintiff was subjected to while he was in the care and custody of the Broward Sheriff's Office was physically and mentally repulsive and completely inhumane.

18) All of the issues that the plaintiff has raised concerning the conditions at B.S.O., the plaintiff believes were designed to degrade and dehumanize the inmates detained in the facilities operated and managed by the defendant(s).

19) In an effort to seek justice, the plaintiff only filed his §1983 motion as a last resort but, before doing so, he exausted all known state remidies through the inmate grievance procedure.

20) The majority of the grievances that were filed by the plaintiff were either

(5)

disregarded and or completely ignored. Of the grievances followed through by the defendant(s) were not completely satisfied.

21) The fact that said grievances were not "satisfied, disregarded and or completely ignored," is a violation of the Florida Statutes.

22) The fact that the plaintiff was kept in disciplinary confinement fourty eight hours longer than the time alotted for the penalties concerning an infraction he received while detained at the Division of Community Correction, constitutes cruel and unusual punishment which, is protected under the Eight Amendment.

23) The fact that, the plaintiff was denied due process due to the fact that, there was a lack of trained law clerks to assist the plaintiff in research, draft pleadings and motions, restrictions on photocopying and a lack of adequated legal books in the law library raises a constitutional issue of the Due Process Clause. Hooks v. Wainwright, 352 F.Supp. 163 (1972)

24) Finally, the fact(s) that the commissary

(6)

prices exceed fair market value is a direct violation of the Florida Model Jail Standards.

25) The fact of this is proven because, items that are not marked for individual sale are done so on a regular basis is extremely questionable. This practice should be stopped.

26) As stated above, the plaintiff believes that his Constitutional Rights were violated and is willing to prove this in trial.

27) The plaintiff also believes that, the defendant(s) acted with malice, indifference and a complete disregard towards the well being of the plaintiff.

Wherefore, the plaintiff Richard G. Garcia, prays that this Court will grant this <u>Motion of Objection to the Magistrate Judge's Report.</u> And, be able to continue with his §1983 Claim.

Respectfully Submitted,
x <u>Richard Gregory Garcia</u>

I, Richard Gregory Garcia, declare under the penalties of perjury, pursuant to Florida

Statutes 92.525, that I have read the foregoing Motion of Objection to the Magistrate Judge's Report, and that all the facts contained in it are believed to be true and correct.

Signed this 8th day of September, 2000

x Richard Gregory Garcia

Richard Gregory Garcia #D92567
Century Correctional Institution
400 TEDDER ROAD
Century, Florida 32535

Certificate of Service

I hereby certify that a true and correct copy of the foregoing Motion of Objection to the Magistrate Judge's Report has been furnished to the United States District Court for the Southern District of Florida, 301 N. Miami Ave., Miami, Florida 33123-7788, via United States Postal Service.

x Richard Gregory Garcia

(8)